### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

**MICHAEL J. DALCOROBBO,**
      **Plaintiff,**

                vs.              07-1020

**NATHAN PITTS,**
      **Defendants.**

### OPINION

The plaintiff, Michael J. Dalcorobbo, currently incarcerated at the Pontiac Correctional Center by the Illinois Department of Corrections, filed a petition to proceed in forma pauperis, alongwith a complaint. In his complaint, brought pursuant to 42 U. S. C. Section 1983, he names as defendants, Nathan Pitts, Internal Affairs correctional officer; Robert Ellinger, Chairperson Adjustment Committee; Erika Howard and Anabelle Motteler, both Adjustment Committee Members and correctional officers; and Steven Smith, grievance officer/counselor.

### Standard

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

The merit review standard is the same as a motion to dismiss standard.  It is well established that *pro se* complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972).  *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980).  They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff.  *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).  Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff.  *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Allegations

The plaintiff claims the defendants violated his rights to due process in prison disciplinary proceedings.  The plaintiff alleges that on February 9, 2005, the plaintiff was employed as a lineserver in the employee kitchen at Menard Correctional Center.  Lt. Thomas found what appeared to be feces in a pea salad on the salad bar.  All inmates working at that time were returned to their cells and an investigation was held.  On February 25, 2005, the plaintiff was transferred to Pontiac Correctional Center and placed in solitary confinement and was fed meal loafs for three straight days.  Ultimately, on March 4, 2005, the plaintiff was issued a disciplinary report.  He was charged with damage or misuse or property; intimidation or threats, insolence; and health, smoking or safety violations.  On March 14, 2005 Nathan Pitts issued a second disciplinary report against the plaintiff charging him with violating state or federal laws -- tampering with food, drug, or cosmetics.  The adjustment committee found the plaintiff guilty of the charges.  His discipline included a loss of one year good conduct credit.

### Conclusion

"[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  The plaintiff lost good time as part of his punishment, so his procedural due process challenges under 42 U.S.C. § 1983 are not cognizable, as dictated by a line of Supreme Court cases starting with *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994).  *Heck* held that a suit for damages under Section 1983 challenging an underlying conviction or sentence does not accrue until that conviction or sentence has been invalidated.  512 U.S. at 484-487 (1994).  In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended this ruling to include § 1983 suits for damages "challenging the loss of good time credits in prison disciplinary actions (when the fact or duration of confinement was implicated)" even if the plaintiff did not seek a restoration of good time.  *DeWalt v. Carter*, 224 F.3d 607, 615 (7th Cir. 1999), *citing Edwards v.*

*Balisok,* 520 U.S. at 648. Prisoners "challeng[ing] the fact or duration of their confinement and seek[ing] immediate or speedier release" (such as the restoration of good time credits) must pursue their challenge under the federal habeas statute, not § 1983. *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000), *citing Preiser*, 411 U.S. at 489-90. Habeas corpus is the proper legal route for challenging loss of good time credits – "good-time credits reduce the length of imprisonment, and habeas corpus is available to challenge the duration as well as the fact of custody." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994), *citing Preiser v. Rodriguez*, 411 U.S. 475 (1973)(other citations omitted). This rule works to prevent the bypassing of habeas requirements. *See Preiser*, 422 U.S. at 489 ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.").

**It is therefore ordered:**

1. **The clerk of the court is directed to file the plaintiff's complaint, forthwith.**
2. **The plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915A and *Heck v. Humphrey*, 512 U.S. 477 (1994). All pending motions are denied as moot. This case is closed in its entirety.**
3. **Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**
4. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

**Enter this   22nd   day of February 2007.**

s\Harold A. Baker

_____
**Harold A. Baker
United States District Judge**